ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2009 JUL 29 AM 9:56

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| WILLIAM REDDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-016 |
| ) | |
| ANTHONY WASHINGTON, Warden, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Autry State Prison ("ASP"), in Pelham, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants.[2] Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails

---

[1] While Plaintiff is currently incarcerated at Autry State Prison, at the time he commenced the above-captioned case Plaintiff was incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia.

[2] As explained in a simultaneously filed Order, Plaintiff was permitted to file a supplemental complaint. The Court will consider both Plaintiff's original (doc. no. 1), supplemental complaint (doc. no. 8), and supplement to complaint (doc. no. 9), in this screening.

to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[3]

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint,[4] the Court finds the following. Plaintiff names the following Defendants: (1) Anthony Washington, Warden, (2) Jackie Morgan, Deputy Warden of Care and Treatment, (3) Larry Butts, Unit Manager, (4) Ana Harper, Mental Health Director, (5) Gail Powel, Health Service Administrator, (6) Art Mcclain, Food Service Director, (7) Keith Morris, Grievance Coordinator, and (8) Ronnie Lawrence, Deputy Warden of Security. (Doc. no. 1, pp. 1, 4). Plaintiff alleges that Defendants are violating his First Amendment rights concerning his freedom to practice his religion.

Plaintiff's amended complaint provides that Plaintiff is a Vegan and that "all Defendants" have been put on notice of his religious beliefs. (Id. at 5). However, according to Plaintiff, "all" have failed to provide him with proper food and diet; in particular, Defendants have failed to keep meat out of his food and off his food trays. (Id.). Plaintiff asserts that his "religious Christian beliefs are sincere," but "all Defendants" have a bad attitude toward Plaintiff because of his beliefs. (Id.). Plaintiff alleges that because his food is being served on trays that have meat on them, and/or he is being served food that was

---

[3]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

[4]For purposes of clarity, the Court will refer to Plaintiff's original complaint and his supplemental complaint as his "amended complaint."

2

prepared with meat, he is unable to eat, and as a result, he has lost weight. (Id.).

Plaintiff states that after initiating this case, he was transferred to Autry State Prison. (Doc. no. 6). He maintains that ASP does not provide a Vegan diet. (Id. at 1). Plaintiff provides that "they" simply remove the meat from Plaintiff's food trays and serve Plaintiff what is left after the meat is removed. (Id.). As relief, Plaintiff requests to be transferred to a prison facility that offers Vegan meals to prisoners. (Id. at 6).

## II. DISCUSSION

Plaintiff has sued Defendants Washington, Morgan, Butts, Harper, Powel, McClain, Morris, and Lawrence. Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the amended complaint fails to state a claim for relief against these Defendants. That is, while Plaintiff names Defendants Washington, Morgan, Butts, Harper, Powel, McClain, Morris, and Lawrence as a Defendants, he does not assert any allegations of wrong doing regarding these Defendants in his statement of claims. In fact, Plaintiff does not mention Defendants Washington, Morgan, Butts, Harper, Powel, McClain, Morris, and Lawrence anywhere in his statement of claims. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535

3

F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."))). Thus, in the absence of an allegation of any connection between any actions of Defendants Washington, Morgan, Butts, Harper, Powel, McClain, Morris, and Lawrence with any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendant. On that basis, Defendants Washington, Morgan, Butts, Harper, Powel, McClain, Morris, and Lawrence should be dismissed.[5] Additionally, concerning the claims arising at ASP, Plaintiff does not name any specific defendant, therefore as Plaintiff does not state with some minimal particularity how overt acts of a defendant caused a legal wrong, his claims arising at ASP should be dismissed.[6]

---

[5] Additionally, Plaintiff requests injunctive relief; he seeks to be transferred to an institution which provides inmates with Vegan meals. First, the Court notes that Plaintiff is not entitled to his requested relief. Inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Indeed, having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the involuntary transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to be housed at any particular institution.

Second, Plaintiff was transferred from JSP to ASP. Therefore, any claims for which Plaintiff is seeking injunctive relief against Defendants are moot because Plaintiff has been transferred out of the facility where the alleged unconstitutional conduct occurred. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988). Therefore Plaintiff's complaint which only requests injunctive relief against JSP Defendants should be deemed moot.

[6] It should be noted that ASP is located in Pelham, Georgia, which is situated in the Middle District of Georgia. Therefore proper venue for Plaintiff's claims arising at ASP is in the Middle District of Georgia, not the Southern District of Georgia. 28 U.S.C. § 1391(b). Thus, if Plaintiff had stated any viable claims arising out events that occurred at ASP, those claims are not properly raised in this district.

Furthermore, Plaintiff must comply with the administrative remedies concerning any alleged new claims against new defendants, prior to his filing a law suit. Exhaustion of

4

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** in its entirety, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of July, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

administrative remedies is a "precondition" to filing an action in federal court, as such, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Therefore, Plaintiff cannot proceed with his newly alleged claims arising out of ASP until he has exhausted his administrative remedies.