IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM REDDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-016 |
| | ) | |
| ANTHONY WASHINGTON, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In recommending dismissal of Plaintiff's case, the Magistrate Judge reasoned that in the absence of an allegation by Plaintiff of any connection between any actions of Defendants Washington, Morgan, Butts, Harper, Powel, McClain, Morris, and Lawrence, with any alleged unconstitutional deprivation, Plaintiff failed to state a claim for relief against these Defendants. (Doc. no. 13, p. 4). Alternatively, the Magistrate Judge explained that because Plaintiff was transferred from Johnson State Prison ("JSP") to Autry State Prison ("ASP"), his case is moot because he only sought injunctive relief against Defendants who are located at JSP. (Id. at n.5 (citing Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988)).

In his one-page objection, Plaintiff attempts to explain how each Defendant

purportedly violated his constitutional rights. (Doc. no. 15). However, the allegations made by Plaintiff are vague and conclusory. In any event, Plaintiff does not address, let alone cure the fact that his case is moot because he only requested injunctive relief from Defendants located at JSP.

Furthermore, to the extent Plaintiff now alleges that Defendants violated the Department of Corrections' policy that requires inmates like Plaintiff who are Vegans to be transferred, within ninety days, to a facility that serves a Vegan diet, his claim must fail.[1] Even presuming this allegation is true, "[p]rocedural requirements alone do not create a substantive liberty interest, and mere violation of such procedures is not a constitutional violation." Rienholtz v. Campbell, 64 F. Supp.2d 721, 729 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 731 (6th Cir. 1999) (Table). As such, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's case is **DISMISSED** in its entirety, and this case is **CLOSED**.

SO ORDERED this 11th day of September, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's amended complaint provides that Plaintiff is a Vegan, but he was not provided a Vegan diet while he was incarcerated at JSP. (Doc. nos. 1, 8, 9).